UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE L. YANCY,

      Plaintiff,

v.                                     CASE NO. 8:24-cv-2746-SDM-AAS

CENTURION HEALTH SERVICES, *et al.*,

      Defendants.

_____/

**ORDER**

     Yancy's complaint alleges that the defendants violated his civil rights based on their delaying proper medical care.  An earlier order (Doc. 6) grants Yancy leave to proceed *in forma pauperis*.  The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e).  Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on some of the defendants is not warranted and Yancy must file an amended complaint.

     Yancy alleges that on July 10, 2020, he slipped and fell while working at his assigned job in the infirmary in the Zephryhills Correctional Institution.  This action is

not based on the cause of the initial injury, which claim is time-barred, but is based on the subsequent alleged delay in medical care.

Yancy represents that a nurse checked Yancy's knee and the following day the knee was x-rayed. Yancy was advised that the "x-rays resulted in nothing." Yancy admits that, after two weeks of complaining about "excruciating pain," he was scheduled for an M.R.I. but authorization for the procedure was denied. Without providing any specifics, Yancy discloses that over the following two years he received two surgeries for his knee. Beginning in December 2022 and continuing into 2024, Yancy filed grievances about "still suffering pain." Yancy represents that he has had "(10) different surgeries causing him to be wheelchair bound and the possible loss of his left leg" and alleges that the defendants "directly or indirectly engaged in deliberate indifference to [his] serious medical needs . . . ." (Doc. 1 at 6) Also, Yancy asserts that the defendants showed "deliberate indifference to [his] serious medical needs and [committed] specific malpractice . . . ." (Doc. 1 at 3)

## Capacity

Yancy names four defendants: (1) Ricky Dixon, Secretary of the Florida Department of Corrections ("DOC"); (2) Centurion Health Care of Florida, the health care provider for the DOC; (3) Rhonda Davis, health services administrator for Centurion Health; and (4) Jason Brenes, regional director for the DOC. Yancy checked the box on the complaint form to show that he sues each defendant in their "official capacity," but he did not check the box for "individual capacity." Yancy misunderstands the meaning of "official capacity."

Official capacity and individual capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law." The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city. For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). An action against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts.

To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury. An official capacity claim is actually a claim against the governmental entity without regard to the person who committed the act or to the person who holds the official position. *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity

- 3 -

is considered a suit against the local government entity he represents.") (citing *Graham*). For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office. To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).

Because his allegations are based on the defendants' direct involvement, Yancy's action is an "individual capacity" claim and not an "official capacity" claim.

### ***Respondeat Superior***

However, Yancy cannot pursue a Section 1983 action based only on the person's supervising or employing someone who allegedly wronged Yancy. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).

The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Yancy's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331

(11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). The complaint asserts no fact showing the direct involvement of defendant Dixon, and, consequently, the complaint is insufficient to state a claim against Ricky Dixon as Secretary of the DOC.

**Grievance Procedure**

Yancy details his many grievances filed over the years about medical care for his knee and complains about defendants Davis's and Brenes's responses to his grievances. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007);[*] *see also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison inmate grievance procedure is not constitutionally required and that a prison official's failure to take corrective action upon the prisoner's filing of a grievance amounts to no violation of due process); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Consequently, Yancy can pursue a civil rights action against neither Health Services Administrator Davis nor DOC Regional Director Brenes based solely on their participation in the grievance process.

**Delayed Medical Care**

Yancy is required to produce evidence sufficient to create a genuine issue of material fact about whether defendants (1) had subjective knowledge of Yancy's serious

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

medical condition and (2) were deliberately indifferent to that condition. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997). Depending on the circumstances, including the length of the delay, delayed treatment can constitute deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994). Therefore, Yancy must allege sufficient facts to establish that the defendants knew of a serious medical condition from which he was suffering and, intentionally or with reckless disregard, delayed treatment. *See generally, Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical treatment that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the eighth amendment.")

Yancy complains about the delay in medical care allegedly caused by defendants Centurion Health and Health Services Administrator Davis. In addition to alleging deliberate indifference, Yancy asserts that these two defendants' acts are proof of malpractice, which is a form of negligence. Yancy's malpractice claim is insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

\* \* \* \*

Yancy may file an amended complaint to correct these deficiencies, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint).  In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Yancy is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Defendants Dixon and Brenes are **DISMISSED** from this action.  Any claim based on *respondeat superior*, negligence, or the grievance procedure is **DISMISSED**. Yancy may amend the complaint to attempt to state a claim against Centurion Health or Health Services Administrator Davis or both based on alleged deliberate indifference to a serious medical need likely to result in a serious injury.  Yancy must file an amended complaint within **THIRTY (30) DAYS** that corrects the deficiencies addressed in this order.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The clerk must send to Yancy the required civil rights complaint form.

### A CAUTION TO MR. YANCY

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, Yancy is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on June 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 8 -